Strafford, ⎰
Jan. 1, 1924. ⎱

## STATE *v*. MARY SHAHEEN.

Where two counts in an indictment relate to parts of one continuing offense, there is no duplicity; and if the counts constitute different offenses arising out of the same transaction, there is no error of law in permitting the state to proceed upon both.

If there are two counts, one good and one bad, the indictment is sufficient to support a verdict upon the good count, and a motion to quash the indictment will be denied.

If counsel understands that his objection and exception raise the question of the sufficiency of a certain count, and hence does not object to the submission of the case under instructions permitting a verdict of guilty under that count, the remedy is to apply for a new trial.

A jury, having deliberated four hours without agreement, reported to the sheriff that they could not agree. The instruction of the court that they should retire again "and see if you can't reconcile your differences and come to a conclusion which will satisfy the conscience of the jury" constitutes no coercion or implication that they must agree.

INDICTMENT, under Laws 1919, *c.* 81. Trial by jury and verdict of guilty.

The indictment contained two counts. The first charged the defendant with knowingly and criminally doing various acts to induce a female to become an inmate of a house of prostitution, and to remain there as such, and with receiving from her money received for acts of prostitution. The second count charged the receipt of a certain sum of money from the same person, which was obtained by her for acts of prostitution.

The defendant's motions that the indictment be quashed for duplicity, and because the second count charged no offense, were denied in the superior court by *Branch*, J., who allowed a bill of exceptions.

There were other exceptions, which are stated in the opinion.

*F. Clyde Keefe,* solicitor, for the state.

*Sidney F. Stevens* and *Albert P. Sherry* (*Mr. Stevens* orally), for the defendant.

PEASLEE, J. There was no error in denying the defendant's motion to quash the indictment for duplicity. The two counts manifestly relate to parts of one continuing offense. Even if they did not, there would be no error of law in permitting the state to proceed upon both. *State* v. *Sawtelle,* 66 N. H. 488, 502, and cases cited; *State* v. *Canterbury,* 28 N. H. 195, 227.

The defendant's further motion that "the indictment be quashed because the last paragraph of the indictment states no difference [offense] in that it shows no knowledge on the part of the respondent," was also properly denied. There is no suggestion that the first count was defective. When there are two counts, one good and one bad, the indictment is sufficient to support a verdict upon the good count. *State* v. *Burke,* 54 N. H. 92, 96, and cases cited. The defendant did not move that the count alleged to be insufficient should be rejected, but that the whole indictment be adjudged to be bad, and the state put to a new prosecution. What she asked was not that the trial be restricted to charges properly laid, but that the state be denied any trial.

The court did not rule that the second count was good, but merely that the indictment should not be quashed. If the defendant had desired an instruction to the jury that they could not convict upon the second count, a request to that effect should have been made. No complaint is made of the way the case was submitted to the jury. There is no suggestion that they were instructed that they should convict the defendant, without regard to her guilty knowledge. If the law is that the defendant could be convicted only upon proof of criminal intent, as charged in the first count, it is to be presumed that such an instruction was given. If the defendant's counsel understood that his objection and exception raised the question of the sufficiency of the second count, and so did not object to the submission of the case to the jury under instructions permitting the jury to find the defendant guilty under that count, the remedy is to apply to the superior court for a new trial. But, as before suggested, if the case was submitted under instructions that they must find guilty knowledge, the defendant's rights were not infringed, even if it be assumed that the second count was bad.

·The statement of the court that "you are willing to have the things go in that help you, and don't want the things to go in that don't help you," is complained of as a manifestation of impatience, and as amounting to a charge that the defendant's counsel was seeking to conceal evidence. The circumstances under which the remark was made were these. The state had started to put in evidence a certain conversation. Apparently its narration had been pretty much completed before the defendant's counsel made any objection. The remark related to that situation, and the defendant's objection was overruled because it came too late. The substance of what was said was that if the defendant had wished to have the conversation excluded, objection should have been made when it was offered, that he could not sit by and take the benefit of the favorable part of the conversation and have the unfavorable part excluded. There is nothing in the occurrence to justify the charges made.

Exception was taken to additional instructions given to the jury, upon the ground that they censured the jury for not having agreed, and left them no "discretion" to disagree. When the jury had considered the case but four hours they reported to the sheriff that they could not agree. Thereupon they were called in and told that the court was not satisfied with that treatment of the case. It is manifest that this falls far short of telling them that they must agree, or that the court was dissatisfied because they had not agreed sooner. Its plain meaning was that the court did not think the jurymen had done their full duty by attempting to determine finally that they could not agree, after only four hours' consideration of the case. Nor was there coercion or any implication that they must agree. They were told to retire again, to devote their time in the jury room to a consideration of the law and the evidence only "and see if you can't reconcile your differences and come to a conclusion which will satisfy the conscience of the jury."

The situation appears to have been that the jury had misconceived their duty, and needed to be instructed therein. In such a situation it is not only the right but the imperative duty of the pre-·siding justice to explain to the jury how they should proceed and to direct them to give the case further consideration.

*Exception overruled.*

All concurred.